## PEOPLE v. TETTS.

1. SEARCHES AND SEIZURES—CONSTITUTIONAL LAW.
   The Constitution of the United States mandates that the people shall be secure against *unreasonable* searches, not against reasonable searches (US Const, Am 4).

2. SAME—WITHOUT WARRANT—INCIDENT TO ARREST.
   Reasonable search, without a search warrant, is permissible as an incident of arrest.

3. SAME—ARREST—WARRANTS.
   Search warrant is not required to conduct search and seizure incident to arrest.

4. SAME—WARRANTS—ARREST.
   Lawfulness of search and seizure incident to an arrest is determined by its reasonableness under all the circumstances, and not by the practicability of procuring a search warrant, for a search warrant is not required.

5. SAME—REASONABLENESS—MOTEL ROOM—ARREST—AUTOMOBILES—NARCOTICS.
   Search confined to motel room occupied by defendant and his wife, which disclosed narcotics illegally possessed by defendant, *held*, reasonable when officers initially arrested defendant on strength of warrant issued in another State for conversion of automobile, and saw narcotics containers and apparatus in room upon entering it to arrest defendant's wife.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur, Search and Seizure § 6 *et seq.*
[2–6] 5 Am Jur 2d, Arrest § 73.
  47 Am Jur, Search and Seizure § 19.
  Legality of searching premises without search warrant as incident to valid arrest—Supreme Court cases. 4 L ed 2d 1982.
[7] 21 Am Jur 2d, Criminal Law § 533 *et seq.*
[8] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 48, 74.

6. SAME—INCIDENT TO ARREST.
   Entry to motel room, occupied by defendant and his wife, by police officers who had arrested defendant outside the room, to arrest wife on same charge as that on which defendant had been arrested, was lawful, and police officers in room could lawfully see what was readily observable and seize items in plain view.

7. CRIMINAL LAW—SENTENCE—DISCRETION OF COURT.
   Sentence imposed by a trial court will not ordinarily be reviewed by appellate court where ground alleged for review is abuse of discretion.

8. SAME—SENTENCE—NARCOTICS—POSSESSION—ADDICTION.
   Sentence imposed by trial court for possession of narcotics unlawfully, on a plea of guilty, is not punishment for addiction, even if addiction be regarded as an illness with which the addict cannot deal effectively himself (CLS 1961, § 335.153).

Appeal from Bay; Smith (Richard G.), J. Submitted Division 3 December 6, 1966, at Grand Rapids. (Docket No. 900.) Decided March 14, 1967.

Walter F. Tetts was convicted of possessing narcotics without a license. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Martin B. Legatz*, Prosecuting Attorney, and *John C. Leaming*, Assistant Prosecuting Attorney, for the people.

*William E. Peters*, for defendant.

FITZGERALD, J. Defendant and his wife were living at the Delta Motel in Bay City in August, 1964, having earlier registered under the alias of Mr. and Mrs. C. R. Lauderback. Several days after they had checked in, the proprietress of the

establishment became suspicious of their automobile because of a change in the license plates and notified Michigan State Police.

Records there disclosed that the defendant's automobile was listed as stolen from Indiana and that defendant, Walter F. Tetts, was wanted for auto conversion. Detective Sergeant Chandler of the Michigan State Police and FBI Special Agent William Saucier went to the motel on August 11th to investigate, knowing of a valid warrant for defendant's arrest in Kokomo, Indiana.

The officers knocked on the door of the motel room and asked if C. R. Lauderback was there. Defendant answered in the affirmative but declined to again open the door after slamming it in their faces. Agent Saucier went to the rear of the motel and Sergeant Chandler waited while defendant said he was getting dressed. During this time, scraping noises and toilet flushings were heard from inside. In the meantime, Agent Saucier saw defendant escaping through a back window and heading away across an open field. Defendant was stopped following a chase and taken around to the front of the motel where he was handcuffed and told that he was being arrested under a felony warrant from Indiana. In bringing him to the front of the motel, the officers noticed that defendant's arms contained puncture scars and that his speech was incoherent. Shortly thereafter, defendant's wife, dressed only in pajamas, opened the door and was informed that she, too, was under arrest.

Upon entering the room, the officers saw a number of bottles containing powdery substances and clear liquid and bottles containing small tablets. In addition to these items were hypodermic syringes, an eye dropper, needles and other narcotics containers. Defendant and his wife were thereupon ar-

rested for illegal possession of narcotics and the contraband seized.

A complaint was filed and warrant issued against defendant on August 11, 1964, charging him with the crime of unlawfully having narcotics in his possession under CLS 1961, § 335.153 (Stat Ann 1957 Rev § 18.1123). Defendant was bound over for trial after preliminary examination and stood mute and a plea of not guilty was entered for him.

On September 14, defendant requested a hearing and thereupon changed his plea to guilty, which plea was accepted by the court. Thereafter, on October 8th, the court allowed the defendant to again withdraw his plea of guilty and reinstated the original plea. On November 17th, a trial was held in circuit court and upon close of the people's proofs defendant again changed his plea to guilty. The items seized in the room had been admitted into evidence.

It is this conviction and the subsequent sentence of 5 to 10 years from which defendant appeals, contending that the State's exhibits, namely the materials and objects found in and about the motel room, should have been excluded from the trial upon the defendant's motion to suppress.

We find little, if any, encouragement for defendant's position in any of the reported State or Federal cases. United States Supreme Court decisions have often recognized that there is a permissible area of search beyond the person proper and, though circumscribed in some degree by recent cases, the latitude does not vary from the statement made in *Agnello* v. *United States* (1925), 269 US 20, 30 (46 S Ct 4, 5, 70 L ed 145, 148, 51 ALR 409):

"The right without a search warrant contemporaneously to search persons lawfully arrested while

committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody, is not to be doubted."

The Court, however, refined this broad spectrum statement into a "reasonableness test" culminating in *United States* v. *Rabinowitz* (1950), 339 US 56 (70 S Ct 430, 94 L ed 653) which is dispositive of this appeal. It was in that case that the Court added a test of reasonableness in the following language (p 65):

"The mandate of the Fourth Amendment is that the people shall be secure against *unreasonable* searches. It is not disputed that there may be reasonable searches, incident to an arrest, without a search warrant. Upon acceptance of this established rule that some authority to search follows from lawfully taking the person into custody, it becomes apparent that such searches turn upon the reasonableness under all the circumstances and not upon the practicability of procuring a search warrant, for the warrant is not required."

Nothing in the fact situation before us indicates any violation of the reasonableness test. The officers were operating under a valid warrant, made a valid arrest, and in the course of that arrest discovered another crime being committed in their presence, again lawfully arresting the defendant. The search was confined to one room which was under the complete control of the defendant. The arrest being valid, the search being reasonable, the motion to suppress the evidence was properly denied.

A question arises at defendant's urging that a measure of force was used to gain admission to the room. The facts in the record belie this contention. Defendant had fled and was being returned to the

room.   Defendant's wife opened the door and was arrested, it being necessary to gain admission thereto for her arrest due to her scantily clad state. Though this was not the admission to the room by invitation spoken of in *People* v. *Taylor* (1954), 341 Mich 570, in our view it does not taint the arrest nor the search, confined as it was to one room, the search being contemporaneous with the arrest and limited to items in plain view.   The officers had a right to be where they were at the time and it was not an illegal search to see what was readily observable. See *People* v. *Wolfe* (1967), 5 Mich App 543.

Defendant further contends that the 5-year minimum sentence imposed by the trial judge was an abuse of discretion since admitted previous narcotic addiction was involved, stating that the effect of the statute is to punish a man for having an illness which he cannot effectively deal with himself.   On the first level of this argument, we point out that the sentence imposed by a trial judge will not ordinarily be reviewed by an appellate court.   *People* v. *Connor* (1957), 348 Mich 456.   Beyond this, we note that the defendant pled guilty to having in his possession narcotic drugs, not to being a drug addict, and it is difficult under any rational view to equate bare possession with sickness, however valid such an argument might be with addiction.

Affirmed.

QUINN, P. J., and HOLBROOK, J., concurred.