PEOPLE v. PRUITT

1. CRIMINAL LAW—DEFENDANT'S RIGHT TO DISCHARGE COUNSEL—REQUEST TO REPRESENT HIMSELF.

A defendant's mere expression of his dissatisfaction with his attorney is not sufficient to compel the trial court to discharge his court-appointed attorney, for such request must be accompanied by an unequivocal request by the defendant to represent himself (Const 1963, art 1, §§ 13, 20; MCLA § 763.1).

2. CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO PRODUCE—DILIGENCE.

The prosecution may be excused from producing a *res gestae* witness when, in the discretion of the trial court, it has made a diligent effort to produce the indorsed witness.

3. CRIMINAL LAW—CONTINUANCE—DISCRETION.

The granting or denial of a continuance is subject to the discretion of the trial court and its decision will not be overturned unless there has been a clear abuse of discretion.

4. CRIMINAL LAW—IN-COURT IDENTIFICATION—PRIOR USE OF PHOTOGRAPHS—PRESERVING ISSUE.

The bare assertion that witness's in-court identification of defendant was irreparably tainted by prior photographic identification is without merit and will not be heard for the first time on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 318–321.
[2] 39 Am Jur, New Trial § 38.
[3] 17 Am Jur 2d, Continuance § 3.
[4] 21 Am Jur 2d, Criminal Law § 368.
[5] 53 Am Jur, Trial §§ 504, 506.
[6] 47 Am Jur, Searches and Seizures § 19.
Constitutionality of searching premises without search warrant as incident to valid arrest. 23 L Ed 2d 966.

5. CRIMINAL LAW—OPENING STATEMENT—PREJUDICIAL REMARKS—
    CURATIVE INSTRUCTIONS.
 Prosecution's description of defendant as a "thug" in its opening
 statement could be cured by instructions to the jury.

6. SEARCHES AND SEIZURES—WEAPONS—ADMISSIBILITY.
 Court properly admitted into evidence a gun, bullets, and
 money, found in defendant's possession at the time of his
 arrest, where police officers had probable cause to arrest de-
 fendant, the gun and bullets fell within the purview of the
 "plain view" doctrine and the search of defendant's person
 was reasonable in light of all the circumstances.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 November 5, 1970, at Detroit. (Docket No. 8,178.) Decided December 1, 1970.

Carl Henry Pruitt was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Lawrence R. Greene* and *Sol Plafkin,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and BEASLEY,* JJ.

J. H. GILLIS, J. Defendant appeals his conviction by a jury of armed robbery contrary to MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797), and raises six issues of alleged trial court error.

He first contends that the trial court erred in rejecting his request to dismiss his court-appointed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

attorney. We find *People* v. *Payne* (1970), 27 Mich
App 133, dispositive of this issue. Therein this
Court, relying on *United States* v. *Bentvena* (CA 2,
1963), 319 F2d 916, held that defendant's request
that the trial court discharge his attorney, once the
trial had begun, must be accompanied by an un-
equivocal request to represent himself. Here the de-
fendant's expression of dissatisfaction with his at-
torney does not amount to such an unequivocal
request. Thus, the trial court's refusal to dismiss
his appointed counsel is not an abuse of the defend-
ant's constitutional and statutory rights.[1] Accord:
*People* v. *Henley* (1969), 382 Mich 143, *reversing* 2
Mich App 54.

The defendant also claims that the prosecution
failed to produce all *res gestae* witnesses, *People* v.
*Dickinson* (1966), 2 Mich App 646; *People* v. *Kayne*
(1934), 268 Mich 186. The prosecution may be ex-
cused from producing particular witnesses upon a
showing of a diligent effort to produce the indorsed
witness. *People* v. *Kern* (1967), 6 Mich App 406.
The question of due diligence is a matter within the
discretion of the trial court, barring a clear abuse
of discretion. *People* v. *Tiner* (1969), 17 Mich App
18; *People* v. *Alexander* (1970), 26 Mich App 321.
Likewise, the granting of a continuance is also with-
in the discretion of the trial judge, subject to the
same limitations. *People* v. *Burnette* (1969), 19
Mich App 336. The record before us does not sup-
port the defendant's claims of such abuse.

Defendant further alleges that his in-court iden-
tification was irreparably tainted by prior photo-
graphic identification of him. This bare assertion
of constitutional error is without merit. *Simmons*

---

[1] One accused of a crime has a right to either represent himself
or be represented by an attorney. Const 1963, art 1, §§ 13, 20;
MCLA § 763.1 (Stat Ann 1954 Rev § 28.854).

v. *United States* (1968), 390 US 377 (88 S Ct 967, 19 L Ed 2d 1247); *People* v. *Jackson* (1970), 24 Mich App 325. And since no objection was raised at trial, it will not now be heard for the first time on appeal. *People* v. *Childers* (1969), 20 Mich App 639.

The defendant next contends that the prosecution's description of the defendant as a "thug" in his opening statement prejudiced the jury. Although we do not endorse such subjectivity, a review of the entire record discloses that the trial court corrected this error in its instructions to the jury. *People* v. *David Smith* (1969), 16 Mich App 198; *People* v. *Humphreys* (1970), 24 Mich App 411.

Finally, defendant claims that it was reversible error for the trial court to admit into evidence a gun, bullets and money found in his possession at the time of arrest. Defendant's brief cites the Supreme Court's recognition of the obligation "to consider manifest and serious errors although objection was not made by the party who appeals", *People* v. *Shirk* (1970), 383 Mich 180, 194. However, we also recognize that the arresting officers in this case had probable cause to arrest the defendant. Further, as noted in *People* v. *McDonald* (1968), 13 Mich App 226, 232:

"Where a warrant has not been obtained, the validity of the search depends on the law's appraisal of the reasonableness of the search, only unreasonable warrantless searches and seizures being barred."

*Cf. People* v. *Cook* (1970), 24 Mich App 401.

The gun and bullets fell within the purview of the "plain view" doctrine, and thus were subject to both seizure and introduction into evidence. *Harris* v. *United States* (1968), 390 US 234 (88 S Ct 992, 19 L Ed 2d 1067); *People* v. *Orlando* (1943), 305 Mich 686; *People* v. *Kuntze* (1963), 371 Mich 419; *People*

v. *Tetts* (1967), 6 Mich App 254; *People* v. *Jenkins* (1970), 23 Mich App 39. This evidence "was located not by a search but merely by the exercise of the officer's senses", and thus there was no illegal search, *People* v. *Hopper* (1970), 21 Mich App 276, 278.

The search of the defendant's person by the arresting officers was reasonable, in light of all the circumstances, and introduction of the evidence resulting from this search does not constitute reversible error. *People* v. *Herrera* (1969), 19 Mich App 216.

Affirmed.

All concurred.