PEOPLE v WATROBA

Docket No. 137168. Submitted November 13, 1991, at Detroit. Decided
February 18, 1992, at 9:25 A.M.

John K. Watroba pleaded nolo contendere in the Wayne Circuit
Court to charges of assault with intent to commit great bodily
harm less than murder and possession of a firearm during the
commission of a felony. In exchange, the prosecutor withdrew a
charge of assault with intent to commit murder. The court,
Harold M. Ryan, J., agreed to sentence the defendant to proba-
tion for the assault conviction and to grant an appeal bond
while the defendant challenged the constitutionality of the
felony-firearm statute. Unbeknownst to the defendant, the
Supreme Court had upheld the constitutionality of the statute
four days earlier. The defendant fled the state while released
on bond and while his appeal was pending. The Court of
Appeals dismissed his appeal on October 9, 1980, for lack of
progress. He returned to the state in May 1990 and sought
postappeal to withdraw his plea on the ground that it was
illusory. The court, Claudia House Morcom, J., granted the
motion for relief from the judgment and remanded for a new
preliminary examination, finding that the defendant's plea was
not voluntarily and intelligently given. The people appealed by
leave granted.

The Court of Appeals *held:*

The circuit court erred in granting the motion for postappeal
relief. The defendant failed to demonstrate good cause for his
failure to raise the illusory plea argument in his appeal of right
or in a previous motion under Subchapter 6.500 of the Michi-
gan Court Rules. Because no possibility has been proffered or
demonstrated that the defendant is innocent of the crimes,
waiver of the good-cause requirement is not appropriate.

Reversed.

REFERENCES

Am Jur 2d, Coram Nobis and Allied Statutory Remedies §§ 44, 45,
48, 51, 52, 58.
See the Index to Annotations under Coram Nobis; Criminal Proce-
dure Rules.

CRIMINAL LAW — POSTAPPEAL RELIEF.

The Michigan Court Rules establish the exclusive means for pursuing postappeal relief from a criminal conviction; relief may not be granted unless the defendant demonstrates good cause for failure to have raised the grounds for relief on appeal or in a prior motion under Subchapter 6.500 and actual prejudice from the alleged irregularities that support the claim for relief; the court may waive the good-cause requirement if it concludes that there is a significant possibility that the defendant is innocent of the crime (MCR 6.508[D][3][a],[b]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Olga Agnello,* Assistant Prosecuting Attorney, for the people.

*Edick & Esper, P.C.* (by *Robert E. Edick*), for the defendant on appeal.

Before: WEAVER, P.J., and MICHAEL J. KELLY and MARILYN KELLY, JJ.

MICHAEL J. KELLY, J. The people appeal by leave granted an order of the circuit court granting defendant's motion for postappeal relief. We reverse.

On June 29, 1979, defendant pleaded nolo contendere to charges of assault with intent to commit great bodily harm less than murder, MCL 750.84; MSA 28.279, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). In exchange for defendant's plea, the prosecutor withdrew a charge of assault with intent to commit murder, MCL 750.83; MSA 28.278, and the court agreed to sentence defendant to probation for the assault conviction and to grant an appeal bond while defendant challenged on appeal the constitutionality of the felony-fire-

arm statute. However, unbeknownst to defendant, the Michigan Supreme Court had four days earlier upheld the constitutionality of the statute. After sentencing and while defendant was released on bond and his appeal was pending before this Court, defendant fled the state and did not return until May 1990. His appeal before this Court was dismissed on October 9, 1980, for lack of progress.

Upon defendant's return to Michigan, he retained counsel and filed the claim for postappeal relief. Defendant sought to withdraw his plea on the ground that it was illusory. Defendant's position is that he would not have entered into the plea agreement or would have sought to withdraw his plea before sentencing if he had known that the Supreme Court had decided that the felony-firearm statute was constitutional. The circuit court agreed that defendant's plea was not given voluntarily and intelligently, and it granted defendant's motion for relief from judgment. The circuit court also remanded the case for a new preliminary examination. On appeal, the prosecution asks this Court to determine whether the trial court properly allowed defendant to withdraw his ten-year-old nolo contendere plea.

Subchapter 6.500 of the Michigan Court Rules establishes the procedures for pursuing postappeal relief from a criminal conviction. The subchapter is the exclusive means to challenge a conviction in Michigan once a defendant has exhausted the normal appellate process. Relief, however, may not be granted unless the defendant demonstrates (a) good cause for failure to have raised the grounds for relief on appeal or in a prior motion under the subchapter and (b) actual prejudice from the alleged irregularities that support the claim for relief. MCR 6.508(D)(3)(a) and (b). In this case,

defendant has failed to demonstrate good cause for his failure to raise the illusory plea argument in his appeal as of right or in a previous motion under this subchapter. The court may waive the good-cause requirement if it concludes that there is a significant possibility that the defendant is innocent of the crime. MCR 6.508(D)(3). No such possibility has been proffered or demonstrated in this case. Accordingly, we find that the circuit court erred in granting defendant's motion for postappeal relief. We therefore reverse the decision of the circuit court and order reinstatement of defendant's convictions.

Reversed.