35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Archie BAKER, Petitioner-Appellant,
v.
Jimmy STEGALL, Respondent-Appellee.
 No. 94-1012.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1994.
 
 Before: KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Archie Baker, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In March 1977, Baker was convicted of first degree criminal sexual conduct and was sentenced to life imprisonment. The Michigan Court of Appeals affirmed his conviction, but remanded the case to the trial court with directions to amend Baker's sentence by giving him credit for 177 days. The Supreme Court denied Baker's request for review.
 
 
 3
 In his petition for a writ of habeas corpus, Baker argues that: 1) his conviction was obtained in violation of his right to due process of law when the trial judge physically left the courtroom during a reading of the victim's testimony regarding a weapon; 2) his conviction was obtained in violation of his rights to due process of law and a fair and impartial trial when the jury did not specify whether he had been found guilty of the charged offense or a lesser included offense; and 3) he was denied effective assistance of trial and appellate counsel because counsel did not raise ground two at trial or on appeal. Baker subsequently conceded that he had not exhausted his available state court remedies in connection with his first ground for relief, and sought to have this ground struck from his petition if it would result in dismissal of his petition as a mixed petition.
 
 
 4
 The magistrate judge filed a report recommending that the district court strike Baker's first ground for relief from the petition, and dismiss grounds two and three for failure to show cause and prejudice for not presenting them before he sought relief under Michigan Court Rule (MCR) 6.500. Over Baker's objections, the district court adopted the recommendation and dismissed the petition. On appeal, Baker reasserts grounds two and three of his petition. Baker has also filed a motion to proceed in forma pauperis on appeal as well as a motion for the appointment of counsel.
 
 
 5
 Upon review, we vacate the district court's judgment and remand for further proceedings because review of the record reflects that Baker "fairly presented" grounds two and three of his petition to the state court such that he did not commit a procedural default that would subject his petition to a cause and prejudice analysis. In order to pursue federal habeas corpus relief, a state prisoner must first exhaust his available state court remedies by fairly presenting his claims to the state courts. See 28 U.S.C. Sec. 2254(b); Rudolph v. Parke, 856 F.2d 738, 739-40 (6th Cir.1988). All that the exhaustion requirement mandates is that the petitioner afford the state courts a meaningful opportunity to review his claims. See Harris v. Rees, 794 F.2d 1168, 1173-74 (6th Cir.1986) (exhaustion is completed even if the state court did not address the claim fairly presented to it).
 
 
 6
 Baker did not raise his second and third grounds for relief on direct appeal; however, he did present them to the state court in a timely motion for relief from judgment filed under Subchapter 6.500 of the Michigan Court Rules. The state courts declined the opportunity to review the merits of these grounds, concluding that Baker had not demonstrated "good cause" for his failure to have raised the grounds on direct appeal and actual prejudice for the alleged irregularities that support the claim for relief.
 
 
 7
 The district court improperly subjected Baker's petition to a cause and prejudice analysis. Baker was required to pursue relief under MCR 6.500 in order to fulfill his obligation to "fairly present" his grounds for relief to the state courts. See People v. Brown, 492 N.W.2d 770, 772-73 (Mich.Ct.App.1992); People v. Watroba, 483 N.W.2d 441, 442 (Mich.Ct.App.1992). Simply because the state court declined to review these grounds does not render Baker's attempted pursuit a procedural default. Id. Rather, because Baker pursued his remedy under MCR 6.500, he has fulfilled his burden of exhausting these issues prior to seeking federal habeas relief. See Harris, 794 F.2d at 1173-74. To hold otherwise would be to place Michigan prisoners in a catch-22 dilemma. If Baker had not pursued his remedy under MCR 6.500 a federal court would have been justified in dismissing his petition for failure to exhaust an available state court remedy. Since Baker has pursued the remedy under MCR 6.500, the court cannot justify concluding that he has committed a procedural default by pursuing this relief just because the state court declined to review the merits of his claims.
 
 
 8
 This ruling is consistent with our decision in Parker v. Rose, 728 F.2d 392, 394-95 (6th Cir.1984), abrogated on other grounds, Prather v. Rees, 822 F.2d 1418, 1422 (6th Cir.1987). We therein ruled that it was not futile to require a Tennessee petitioner to exhaust a remedy in the Tennessee state courts which is available only upon a showing of a valid legal excuse sufficient to rebut a presumption that the petitioner had waived his right of review by not having raised the issue on direct appeal.
 
 
 9
 Accordingly, we hereby grant Baker pauper status for purposes of this appeal, deny the appointment of counsel, and vacate the district court's judgment and remand for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.