PEOPLE v RUSSELL

Docket No. 230382. Submitted October 1, 2002, at Grand Rapids. Decided November 8, 2002, at 9:10 A.M. Leave to appeal sought.

Lord S. Russell was convicted by a jury in the Kent Circuit Court, Donald A. Johnston, J., on one count of possession with intent to deliver less than fifty grams of cocaine and one count of possession with intent to deliver less than fifty grams of heroin. He was sentenced to 2½-to 40-years' imprisonment for each conviction, to be served consecutively. The defendant appealed, alleging improper waiver of the right to counsel and error with regard to his sentences.

The Court of Appeals *held*:

1. The court properly found that the defendant failed to show good cause to warrant the appointment of substitute counsel. The court did not abuse its discretion in denying the defendant's request to replace his second appointed counsel with a third appointed counsel. The defendant was thoroughly advised of the risks of self-representation and was told that if he chose to reject court-appointed counsel, his options were self-representation or to retain counsel. The conduct of the defendant in repeatedly rejecting representation by court-appointed counsel demonstrated his unequivocal choice to proceed with self-representation. The defendant knowingly, intelligently, and voluntarily waived his right to counsel while aware of the dangers of self-representation. The convictions must be affirmed.

2. The court erred in failing to inform the defendant of the right to counsel at sentencing. The failure to comply with the court rule requiring such notice denied the defendant the substantial right of being offered appointed counsel. This error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. The matter must be remanded for appointment of counsel, if the defendant so desires, and for resentencing. On remand, the court must also perform the ministerial task of correcting inaccurate information in the presentence investigation report.

Affirmed and remanded.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, *Timothy K. McMorrow*, Chief Appellate Attorney, and *Gary A. Moore*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett*) for the defendant on appeal.

Before: FITZGERALD, P.J., and HOLBROOK, JR., and CAVANAGH, JJ.

PER CURIAM. Defendant appeals as of right from his jury trial convictions on one count of possession with intent to deliver less than fifty grams of cocaine and one count of possession with intent to deliver less than fifty grams of heroin. MCL 333.7401(2)(a)(*iv*). Defendant was sentenced to consecutive prison terms of 2½ to 40 years on each count. We affirm defendant's convictions, but remand for resentencing and correction of the presentence investigation report.

Defendant first argues that the trial court did not comply with the requirements to establish that he knowingly, intelligently, and voluntarily waived counsel before allowing him to act as his own attorney at trial. MCR 6.005(D); *People v Anderson*, 398 Mich 361, 366-367; 247 NW2d 857 (1976). Defendant contends that he neither stated that he waived counsel nor unequivocally requested to proceed pro se, a necessary prerequisite to invoke his right of self-representation. *Id.* at 367. Further, defendant's expression of dissatisfaction with counsel is not an unequivocal request to represent himself, *People v Pruitt*, 28 Mich App 270, 272; 184 NW2d 292 (1970), nor does the presence of standby counsel legitimize an invalid waiver of counsel, *People v Lane*, 453 Mich 132, 138;

551 NW2d 382 (1996). The prosecutor argues that defendant's conduct and refusal to accept representation by appointed counsel constituted a knowing and intelligent waiver of his constitutional right to counsel. We agree with the prosecutor.

In this case, defendant continually complained about his court-appointed counsel. Defendant's first appointed counsel, Paul Mitchell, was permitted to withdraw after defendant complained of his representation. Defendant's complaints concerning Mitchell mirrored those he would later raise about Damian Nunzio, who was appointed to replace Mitchell. On the first day of trial, defendant asked that Nunzio be removed and substitute counsel be appointed. Defendant's complaints concerning Nunzio included lack of communication and failure to furnish discovery, that Nunzio lacked belief in his innocence, that Nunzio failed to file a "14-day rule" motion, and that defendant had filed a grievance, which neither Nunzio nor the trial court could confirm. Nunzio indicated that he had repeatedly attempted to communicate with defendant, that he had explored all relevant issues, that he had completed discovery, and that he was prepared to try the case. Nunzio acknowledged that he and defendant had "a different point of view" concerning the trial. Defendant acknowledged that his problem communicating with Nunzio resulted from a personality conflict. The trial court found that defendant had developed personality difficulties with two "of the very best lawyers available" from the local bar. The trial court also found that Nunzio was a good, experienced lawyer who had succeeded in getting some evidence suppressed and, accordingly, the trial court

found that no valid reason existed to replace him with substitute counsel.

The trial court is in the best position to determine whether facts exist that establish "good cause" to replace appointed counsel. MCR 2.613(C); *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002); *People v Ahumada*, 222 Mich App 612, 614; 564 NW2d 188 (1997). In this case, good cause was not demonstrated by the allegations of defendant that counsel did not see things defendant's way, *People v Meyers (On Remand)*, 124 Mich App 148, 165-166; 335 NW2d 189 (1983). Further, that counsel did not pursue futile motions or meaningless discovery did not demonstrate good cause because matters of general legal expertise and strategy fall within the sphere of the professional judgment of counsel. See *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001) (filing frivolous motions), *People v Jones*, 168 Mich App 191, 195; 423 NW2d 614 (1988) (questioning witnesses), and *People v O'Brien*, 89 Mich App 704, 708; 282 NW2d 190 (1979) (questioning witnesses and juror voir dire). Moreover, it is apparent that the trial court was concerned that appointing substitute counsel, when the jury was waiting to hear a case that had already experienced substantial delay, would unreasonably disrupt the judicial process. *People v Mack*, 190 Mich App 7, 14; 475 NW2d 830 (1991); *Jones, supra* at 194. Thus, the record supports the trial court's conclusion that good cause had not been shown to warrant appointment of substitute counsel. Additionally, granting the request would have disrupted the judicial process without necessarily resolving defendant's complaints. Accordingly, the trial court did not abuse its discretion in denying defen-

dant's request to appoint substitute counsel. *Traylor, supra* at 462; *Mack, supra.*

With respect to waiver of counsel at trial, the United States Supreme Court has held that the Sixth Amendment right to counsel also implies the right of self-representation. *Faretta v California,* 422 US 806, 821; 95 S Ct 2525; 45 L Ed 2d 562 (1975). In Michigan, the right of self-representation is explicitly recognized by our constitution and by statute. Const 1963, art 1, § 13; MCL 763.1; *People v Adkins (After Remand),* 452 Mich 702, 720; 551 NW2d 108 (1996). But a defendant cannot exercise both his right to self-representation and his right to counsel; he must choose one or the other. *Id.; People v Dennany,* 445 Mich 412, 442; 519 NW2d 128 (1994) (GRIFFIN, J.). Thus, because self-representation involves forgoing the right to counsel, a defendant must knowingly and intelligently waive his right to counsel before being permitted to represent himself. *Faretta, supra* at 835. "The defendant must exhibit 'an intentional relinquishment or abandonment' of the right to counsel, and the court should 'indulge every reasonable presumption against waiver' of that right." *Adkins, supra* at 721, quoting *Johnson v Zerbst,* 304 US 458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938). A defendant may only enter into self-representation "with his eyes open," aware of the dangers of acting as his own counsel. *Faretta, supra; Adkins, supra* at 725.

In the present case, when defendant expressed dissatisfaction with appointed counsel, the trial court indicated its willingness to appoint substitute counsel, provided defendant had a valid reason other than a personality clash to do so. The trial court made it clear, however, that if defendant failed to establish

good cause, his options were (1) retain his own counsel, (2) continue with court-appointed counsel, (3) represent himself, or (4) represent himself with court-appointed counsel as a legal advisor. The trial court repeatedly advised defendant of the options that were available to him. The trial court also warned defendant of the dangers of self-representation, including, "unless you are legally trained . . . there are many pitfalls there for the unwary," and "I'm suggesting that you don't know legal procedure." The trial court also advised defendant as follows:

> I should advise you that there is an ancient adage in the law, for good reason, that a man who acts as his own counsel has a fool for a client. The corollary to the rule is that he also has a fool for a lawyer, but, as a practical matter, it all winds up in the same place.
>
> My guess is that you will not fare well in that approach, but you have a right to take that approach if you wish to do it. And, while I would not advise it, I will certainly guard your rights and see to it that you have the opportunity to present your own defense, if that's your wish.

After ruling that defendant had not shown good cause to replace his appointed counsel, the trial court twice strongly urged defendant to accept representation by Nunzio, who the court opined had done a good job preparing the case, and who the trial court described as one of the best lawyers of the local bar. Throughout the waiver colloquy, the trial court on several occasions suggested a recess to give defendant an opportunity to consult with court-appointed counsel. Further, the trial court took two recesses before allowing defendant to proceed pro se, the first for twenty minutes and the second for 1½ hours, to give defendant the opportunity to consult with coun-

sel and weigh his options. Although the trial court did not explicitly comply with that portion of MCR 6.005(D)(1) that requires "advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law," during the first trial court recess defendant was provided with a copy of the information, which would contain those facts, along with items such as the police reports, register of actions, and other discovery items.

The record demonstrates that defendant was thoroughly advised of the risks of self-representation and was repeatedly advised that if he chose to reject court-appointed counsel, his options were self-representation or to retain counsel. Defendant made his unequivocal choice, not by explicitly demanding to represent himself, but implicitly by repeatedly rejecting representation by court-appointed counsel in the face of numerous warnings and advice to the contrary.

Thus, by his own conduct defendant demonstrated his unequivocal choice to proceed in pro se. Defendant confirmed this choice again after jury selection when he again asserted that he did not want Nunzio to participate in the trial. In *Mack, supra* at 13, the defendant also argued that his appointed counsel was ineffective and the trial court, as in the case at bar, offered the defendant the choice of either keeping appointed counsel or representing himself. Although the facts of *Mack* are slightly different, the totality of the circumstances in this case, "including the background, experience and conduct of the accused," *Anderson, supra* at 370; *People v Riley*, 156 Mich App 396, 399; 401 NW2d 875 (1986), established the

same conclusion, that defendant knowingly, intelligently, and voluntarily waived his right to counsel aware of the dangers of self-representation. *Adkins, supra* at 725; *Mack, supra* at 15-16.

The trial court did not abuse its discretion in denying defendant's request for substitute appointed counsel. The trial court also substantially complied with the *Anderson* rules and MCR 6.005(D) and did not err in finding that defendant knowingly, intelligently, and voluntarily waived his right to counsel. Finally, the trial court did not abuse its discretion in permitting defendant to proceed in pro se. *Adkins, supra* at 721, n 16.

Defendant also argues that the trial court erred in failing to comply with MCR 6.005(E) at sentencing and that, as a consequence, he did not effectively waive his right to counsel. Further, defendant argues that even if the claim of error was forfeited, it nonetheless was plain error and affected his substantial rights. We agree with defendant that a remand for resentencing with the offer of appointed counsel is required.

The Sixth Amendment right to counsel extends to every critical stage of the proceeding. *People v Anderson (After Remand)*, 446 Mich 392, 402; 521 NW2d 538 (1994); *People v Marsack*, 231 Mich App 364, 377; 586 NW2d 234 (1998). Sentencing is a critical stage at which a defendant has a constitutional right to counsel that includes the right to effective assistance of counsel. *People v Pubrat*, 451 Mich 589, 594; 548 NW2d 595 (1996). Thus, if a defendant "either was denied counsel or denied 'the effective assistance of counsel, he is entitled to relief." *Id.*

The record in this case clearly indicates that at the sentence proceedings the trial court did not comply with MCR 6.005(E), which provides:

> If a defendant has waived the assistance of a lawyer, the record of each subsequent proceeding (e.g., preliminary examination, arraignment, proceedings leading to possible revocation of youthful trainee status, hearings, trial or sentencing) need show only that the court advised the defendant of the continuing right to a lawyer's assistance (at public expense if the defendant is indigent) and that the defendant waived that right. Before the court begins such proceedings, (1) the defendant must reaffirm that a lawyer's assistance is not wanted; or (2) if the defendant requests a lawyer and is financially unable to retain one, the court must appoint one; or (3) if the defendant wants to retain a lawyer and has the financial ability to do so, the court must allow the defendant a reasonable opportunity to retain one.

Our Supreme Court has explained that this court rule is not onerous.

> MCR 6.005(E) requires only that the record show that the court advised the defendant of the right to an attorney and informed the defendant that an attorney would be appointed for him if the defendant were indigent, and that defendant either waived the right to counsel or requested a lawyer. In most circumstances, these requirements would be adequately met by the judge telling the defendant that in the upcoming proceeding he has the right to an attorney, at public expense if necessary, and asking the defendant whether he wishes to have an attorney or to continue to represent himself. [*Lane, supra* at 137.]

Our Supreme Court concluded in *Lane, supra* at 141, that although the failure to comply with MCR 6.005(E) could have been outcome determinative because the defendant might otherwise have requested counsel, it nevertheless affirmed because

prejudice had not been alleged by the defendant. In this case, defendant alleges prejudice because he wanted counsel and did not validly waive counsel. Moreover, defendant alleges prejudice because his sentence might have been less if he had been represented by counsel and because he did not have the assistance of counsel to implement correction of the presentence report by submitting an order for the trial court to enter. The prosecutor argues that the trial court's error in not complying with MCR 6.005(E) was harmless because the positions of defendant and the trial court had not changed from the time of the trial, that is, defendant would not accept Nunzio's representation and the trial court would not appoint substitute counsel. We disagree.

Although the record confirms that defendant's position had not changed in that he wanted to be represented by counsel, but was unwilling to accept Nunzio as court-appointed counsel, the premise relied on to find a valid waiver of counsel at trial may no longer have existed at the time of sentencing two months after the trial. Defendant's waiver of counsel at trial was premised on the trial court's proper denial of defendant's motion for substitute counsel, and thereafter, defendant knowingly, intelligently, and voluntarily chose to proceed pro se rather than accept court-appointed counsel. At the time of sentencing, however, the continued vitality of that premise, that defendant was not entitled to appointment of substitute counsel, was questionable. While the record from the trial supports the conclusion that Nunzio was ready, able, and willing to effectively represent defendant at trial, the record from the sentencing indicates that it might have been an abuse of discretion for the

trial court to have denied a request for substitute counsel had it been made.

At the sentencing, Nunzio was clearly "tired" of defendant's constant complaining. Nunzio acknowledged that he had not talked to defendant at the jail before the sentencing. Although Nunzio indicated that he was still patient and willing to assist defendant, he also revealed that defendant had filed "a formal complaint against counsel," which Nunzio had received after the trial and that Nunzio had asked to be removed as legal advisor before imposition of the sentence. The record also suggests that Nunzio viewed the situation as pointless. Further, at one point, the trial court was willing to accommodate defendant's concerns about Nunzio by asking Nunzio to leave.

Moreover, at the time of the sentencing, the trial court did not have a jury waiting in the wings to hear a case that had already been delayed. Rather, the speedy-trial clock had stopped ticking and defendant was incarcerated pending sentencing on two convictions that require consecutive sentences of up to life in prison. Delaying defendant's sentencing for a week or two to facilitate appointment of substitute counsel would not have been an undue burden on the criminal justice system.

The complete denial of counsel at a critical stage of a criminal proceeding is structural error rendering the result unreliable and requiring automatic reversal. *Gideon v Wainwright*, 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963); *People v Duncan*, 462 Mich 47, 51-52; 610 NW2d 551 (2000). Moreover, the failure to comply with MCR 6.005(E) denied defendant the substantial right of being offered appointed counsel and

this trial error seriously affected the fairness, integrity, or public reputation of judicial proceedings, mandating the remand of this matter for resentencing. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

At the sentencing proceeding, defendant claimed that the presentence report incorrectly reported he had been on probation in 1972 and 1973 (as a juvenile for truancy and "disobedience"), and he also disputed that he had threatened a cab driver with a gun as part of a 1991 conviction of carrying a concealed weapon. The trial court accepted defendant's version and agreed to enter an order to strike the objectionable material upon submission, but the report was not corrected. The prosecutor agrees that defendant is entitled to have the objectionable material stricken from the presentence report.

Both MCL 771.14(6) and MCR 6.425(D)(3)(a) require that information in the presentence report that the trial court determines is inaccurate or irrelevant must be either corrected or stricken from the report. Therefore, a remand for the ministerial task of correcting the presentence report is required.

Defendant's convictions are affirmed, but the case is remanded for appointment of counsel, if defendant so desires, for resentencing, and for correction of the presentence report. We do not retain jurisdiction.