# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JOSEPH WELLS STAPLETON,

       Defendant-Appellant.

UNPUBLISHED
August 2, 2018

No. 336402
Oakland Circuit Court
LC No. 2003-188463-FH

---

Before: CAVANAGH, P.J., and STEPHENS and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] an order providing that the Department of Corrections should no longer be collecting fees or costs from defendant's prisoner account under this case number but refusing to order the return of funds already collected from defendant's prisoner account. We vacate the portion of the trial court's order denying defendant's request that any funds collected from him in this case should be returned to him and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

On November 20, 2002, defendant and a co-defendant, Lance Schmitt, viciously assaulted a man in a McDonald's parking lot. In February 2003, defendant pleaded no contest in this case to assault with intent to do great bodily harm (AIGBH), MCL 750.84. He was sentenced to 11 months in jail and three years of probation for the AIGBH conviction. Defendant was ordered to pay restitution along with other costs and assessments.

The victim subsequently died due to complications from a surgical procedure to address an injury inflicted in the assault. In 2005, defendant was convicted of second-degree murder, MCL 750.317, in a separate lower-court file and sentenced to 20 to 40 years of imprisonment for that conviction. With respect to the AIGBH conviction and the question of double jeopardy, the trial court in the murder case took up the matter during the co-defendant's sentencing hearing:

---

[1] *People v Stapleton*, unpublished order of the Court of Appeals, entered April 20, 2017 (Docket No. 336402).

-1-

[Prosecutor]: Your Honor, I would at the point and time, [co-defendant] was convicted earlier on, as a matter of fact, *this goes to both defendants.* Prior in front of Judge Sosnick *they* were convicted of assault with intent to do great bodily harm.

Now, that the jury has found *them* guilty of Second-Degree Murder and *they're* going to be sentenced on Second-Degree Murder, I move to vacate the original charge of assault to do great bodily harm. *They* cannot be convicted of both.

So, I move to vacate the original, which we'll present the necessary order to Judge Sosnick [in the AIGBH case]. We just wanted to place it on the record before this court.

\* \* \*

THE COURT: So, . . . pursuant to your stipulation the prior conviction on the underlying Assault With Intent to Do Great Bodily Harm Less Than Murder is vacated. [Sentencing Hr at 45-46 (emphasis added).]

Defendant and his legal counsel were both in the courtroom during this part of co-defendant's sentencing. At the conclusion of co-defendant's sentencing, the trial court immediately took up sentencing of defendant. Neither the parties nor the trial court mentioned defendant's prior conviction for AIGBH, and no written order vacating or setting aside defendant's conviction and sentence for AIGBH was entered in the instant lower-court file.

While the trial court in the instant case did not enter an order vacating defendant's AIGBH conviction, the trial court did enter an order discharging defendant "from probation supervision, and any unfulfilled obligations or conditions of the sentence" in light of his prison term in the murder case. The probation-discharge order noted that "restitution may be pursued according to law." Yet, while there was discussion of ordering restitution at the sentencing hearing in the murder case, and the trial judge in that murder case stated that restitution should be determined within seven days of the sentencing hearing, no order of restitution was entered in that case.

Defendant appealed his murder conviction and sentence. This Court reversed and remanded for a new trial, with a dissenting opinion from then-Judge Zahra. *People v Stapleton*, unpublished opinion of the Court of Appeals, issued July 31, 2007 (Docket No. 264175). In lieu of granting leave, the Supreme Court reversed the judgment of this Court for the reasons stated in the dissenting opinion and remanded for consideration of defendant's remaining issues. *People v Stapleton*, 480 Mich 962, 962; 741 NW2d 512 (2007). On remand, this Court affirmed defendant's conviction and sentence. It does not appear that either party on appeal challenged any aspect of defendant's earlier conviction for AIGBH; in fact, this Court observed in a footnote, "Defendant's assault conviction was vacated at the time of sentencing in this case." *People v Stapleton*, unpublished opinion of the Court of Appeals, issued May 20, 2008 (Docket No. 264175), p 2 n 3.

In 2016, defendant filed in this case a motion to vacate an order to remit funds, arguing that the collection of funds from his prison account violated his constitutional right to due process. In response, the prosecutor asserted that defendant's conviction for AIGBH was vacated upon defendant's conviction of second-degree murder for the same underlying act that led to the AIGBH conviction; the prosecutor further asserted that the conditions attached to defendant's AIGBH conviction were set aside when that conviction was vacated. The prosecutor agreed with defendant that the order to remit funds in this case should be vacated given the contention that the AIGBH conviction was set aside. But the prosecutor indicated that he would petition the trial judge in the murder case to order that the outstanding restitution amount be included in the judgment of sentence in that case. The trial court granted defendant's motion to vacate the order to remit in this case. The trial court took note of the prosecutor's concession that the order to remit should be vacated given the assertion that the AIGBH conviction had been set aside, and the trial court stated that "[t]hese and any additional fees should have been transferred to/ordered in" the murder case.

Later in 2016, defendant filed a motion seeking enforcement of the trial court's order granting the earlier motion to vacate the order to remit. Defendant indicated that funds were still being collected from his prison account. He asked that the Department of Corrections be ordered to cease removing funds from defendant's account and that any funds collected under this case number be returned to defendant. The trial court denied defendant's request that any collected funds should be returned to him. The trial court stated that it was only by a clerical error that "the funds ordered in this case" did not get transferred to the murder case. The trial court indicated that defendant should receive "a credit for any fees collected on this case against any obligation in" the murder case. The trial court further stated: "To the extent that [the Department of Corrections] is collecting fees based on the Judgment of Sentence in this case, said Judgment of Sentence is set aside. [The Department of Corrections] should no longer be collecting fees or costs under [this case number] for any reason."

This appeal ensued.

## II. ANALYSIS

Defendant argues that the refusal to order the return of funds collected from his prison account under the instant case number constitutes a due-process violation. A defendant's argument that his right to due process was violated presents a constitutional question that is reviewed de novo. *People v Wilder*, 485 Mich 35, 40; 780 NW2d 265 (2010).

*Post-Appeal Relief Under MCR 6.500.* Defendant is pursuing his appeal pro se. While he has not labeled his action as one brought under MCR 6.500 *et seq.*, the deadline for any direct appeal of his original AIGBH conviction and sentence has long passed. Given this, MCR 6.500 "is the exclusive means to challenge" any aspect of his conviction and sentence in state court. *People v Watroba*, 193 Mich App 124, 126; 483 NW2d 441 (1992). Looking past the form of his appeal to its substance, it is clear that defendant's action is one for post-appeal relief from a criminal conviction and sentence. Thus, we consider defendant's arguments through the lens of MCR 6.500 *et seq*.

We need not determine whether defendant can show good cause and actual prejudice to establish any right to relief here. MCR 6.508(D)(3)(a), (b). Relief can be had under the court rule when there is a "jurisdictional defect" with the conviction and sentence. *People v Carpentier*, 446 Mich 19, 27; 521 NW2d 195 (1994). Defendant's argument that the funds collected from his prison account in this case should be returned to him, which is premised on the view that the AIGBH conviction and sentence were vacated, effectively rests on double-jeopardy considerations. A jurisdictional defect has thereby been asserted, obviating the need for defendant to establish good cause and actual prejudice under MCR 6.508(D)(3).

*Defendant's Conviction for AIGBH.* On appeal, the prosecutor raises—for what appears to be the first time in this case or the murder case—the question of whether defendant's AIGBH conviction was actually vacated in 2005. We are not unsympathetic to the prosecutor's position, as the sentencing proceedings in the murder case are not a model of judicial clarity. Moreover, under current law, it is an open question whether there is even a violation of double jeopardy when a defendant is convicted of both AIGBH and second-degree murder on facts arising from the same event. See *People v Ream*, 481 Mich 223; 750 NW2d 536 (2008) (applying the abstract-legal elements tested to determine legislative intent with regard to multiple punishments when the legislative intent is otherwise unclear); *People v Bailey*, 451 Mich 657; 549 NW2d 325 (1996) (concluding that AIGBH is a cognate lesser-included offense to second-degree murder, rather than an offense necessarily included within second-degree murder); cf *People v Weissert*, 485 Mich 860; 771 NW2d 752 (2009) (Kelly, CJ, concurring in the denial of leave in that case and opining that *People v Ream* should not be applied to convictions and sentences prior to the date that *Ream* was issued); (Corrigan, J, concurring in the denial of leave in that case and opining that this Court should have addressed the impact of *People v Ream*, if any, on the defendant's conviction and sentence).

With that said, the prosecutor has not filed a cross appeal in this case, nor did the prosecutor raise the issue as a question presented for our review. In 2005, during the co-defendant's sentencing hearing, the prosecutor clearly indicated his intent that the motion to vacate apply to both defendants, and the trial court granted the motion from the bench. Then, on appeal of the murder case, this Court noted in a footnote that the AIGBH conviction had been vacated. *Stapleton* (Docket No. 264175), unpub op at 2 n 3. If the prosecutor had believed that the statement was factually incorrect, then the prosecutor could have asked that the statement be corrected in a motion for reconsideration; yet, no such motion was submitted to the Court. In fact, in the recent proceedings below, the prosecutor has taken the position that the AIGBH conviction had been vacated. Therefore, we conclude that the prosecutor on appeal has waived any challenge on whether the AIGBH conviction had been earlier vacated. *People v Carines*, 460 Mich 750, 762 n 7; 597 NW2d 130 (1999). On remand, for purposes of clarifying the record, the trial court shall enter a written order vacating the AIGBH conviction consistent with the 2005 sentencing proceedings. MCR 7.216(A); *People v Russel*, 254 Mich App 11, 22; 656 NW2d 817 (2002), rev'd on other grounds 471 Mich 182; 684 NW2d 745 (2004) (concluding that, where the trial court failed to enter an order consistent with its ruling from the bench, remand was necessary for the ministerial task of entering that order).

*Restitution for the AIGBH Conviction.* Turning to the substantive issue raised by defendant, he argues that it would violate his right of due process if the funds collected from his prison account for his sentence in this case are not returned to him. In *Nelson v Colorado*, ___

US ___, ___; 137 S Ct 1249, 1252; 197 L Ed 2d 611 (2017), the United States Supreme Court held as follows:

> When a criminal conviction is invalidated by a reviewing court and no retrial will occur, is the State obliged to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction? Our answer is yes. Absent conviction of a crime, one is presumed innocent. Under the Colorado law before us in these cases, however, the State retains conviction-related assessments unless and until the prevailing defendant institutes a discrete civil proceeding and proves her innocence by clear and convincing evidence. This scheme, we hold, offends the Fourteenth Amendment's guarantee of due process.

"To comport with due process, a State may not impose anything more than minimal procedures on the refund of exactions dependent upon a conviction subsequently invalidated." *Id*. at 1258.

It is true here that, unlike in *Nelson*, defendant's conviction for AIGBH was vacated solely because of double-jeopardy considerations, and the reasoning in *Nelson* concerning the presumption of innocence is thus inapt given that defendant is not innocent, but rather, has been adjudged guilty of a more serious crime, i.e., second-degree murder. But this only means that any restitution should have been ordered *in the murder case*, given that the second-degree murder conviction is the only valid conviction remaining.

The prosecutor asserts that there is no time limitation in Michigan for seeking additional restitution "based upon new information related to the injury, damages, or loss for which the restitution was ordered." MCL 780.766(22). The prosecutor also cites case law supporting the notion that a restitution order may be sought even if statutory deadlines have been missed. See *Dolan v United States*, 560 US 605, 608; 130 S Ct 2533; 177 L Ed 2d 108 (2010). These are, however, arguments to be directed to the trial court in the murder case—the prosecutor apparently has moved to amend the judgment of sentence in the murder case to provide for restitution, but there is no indication that any such amendment has taken place. This Court's appellate role is to review the proceedings in the present case—which is an appeal of an order following defendant's AIGBH conviction—not to act as the trial court in the murder case in deciding whether to order restitution in the murder case.

The prosecutor and the trial court in this case have suggested that any funds collected in this case should be retained and credited to defendant's restitution obligation in the murder case, but again, there is no indication that any order providing for restitution has been entered in the murder case as of this date. Thus, no valid order of restitution currently exists—the AIGBH conviction was vacated on double-jeopardy grounds, and restitution has not yet been ordered in the murder case. No legal basis presently exists to conclude that the funds obtained from defendant in this case may be retained. Under *Nelson*, it appears at this time that due process requires that the funds exacted from defendant in this case be returned to him.

Accordingly, within 28 days of the date of this Court's opinion, the trial court on remand shall enter an order providing for the return to defendant of funds collected from him under this case number, unless an order or judgment requiring defendant to pay restitution is entered in the

-5-

murder case within that 28-day time-period, in which event the trial court in this case shall undertake further consideration of this issue as described here.  As noted earlier, it appears that the prosecutor has moved to amend the judgment of sentence in the murder case to require defendant to pay restitution in that case but that this motion has not yet been decided as of the date of this opinion.  If restitution is ordered in the murder case within the 28-day time-period described here, then the trial court in this case shall consider whether the funds collected under this case number may be retained and credited to defendant's restitution obligation in the murder case and shall enter an order resolving that issue within 56 days of the date of this Court's opinion.  See MCR 7.216(A)(7).

Vacated in part and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.


/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens
/s/ Brock A. Swartzle