*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RAMIREZ DEMARCO DEWBERRY,

Defendant-Appellant.

UNPUBLISHED
September 19, 2024

No. 367094
Wayne Circuit Court
LC No. 15-000848-01-FC

Before: LETICA, P.J., and GARRETT and FEENEY, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the order denying defendant's motion for relief from judgment. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of the kidnapping and sexual assault of an eleven-year-old victim. Defendant was charged with kidnapping, MCL 750.350; first-degree criminal sexual conduct (CSC I) (person under 13, defendant 17 or older), 750.520b; second-degree criminal sexual conduct (CSC II) (person under 13, defendant 17 or older), MCL 750.520c; felonious assault, MCL 750.82; and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b.

On June 11, 2015, a competency hearing was held and defendant was found competent to stand trial. The trial court judge, Judge Qiana D. Lillard, told defendant, based on the evidence of the case, he was very likely to be convicted by a jury. Judge Lillard stated, if defendant is convicted: "[W]hat I will do, I assure you, I very, very, very, will, will, will. I'll sentence you consecutively." Judge Lillard told defendant, if he pleads guilty, he can avoid being imprisoned for the rest of his life. Judge Lillard reiterated, during a July 17, 2015 final conference, that she

---

[1] *People v Dewberry*, unpublished order of the Court of Appeals, entered November 14, 2023 (Docket No. 367094).

would impose consecutive sentences if defendant were found guilty by a jury. During a June 28, 2015 plea hearing, Judge Lillard again stated she would sentence consecutively if defendant is found guilty, and additionally stated she would likely impose sentences above the minimum guidelines.

Defendant pleaded no contest to kidnapping, CSC I, CSC II, felonious assault, and felony-firearm. Defendant was sentenced to 25 to 40 years' imprisonment for kidnapping; 25 to 40 years' imprisonment for CSC I; 5 to 15 years' imprisonment for CSC II; one to four years' imprisonment for felonious assault, and two years' imprisonment for felony-firearm. Defendant's sentences for kidnapping, CSC I, CSC II, and felonious assault were concurrent, with a consecutive two-year sentence for felony-firearm.

On July 8, 2020, defendant moved for relief from judgment, arguing there was no affirmative showing defendant's plea to kidnapping was voluntary. The trial court denied defendant's motion, and defendant filed for leave to appeal in this Court. In lieu of granting leave to appeal, we vacated and remanded the trial court's October 21, 2020 order,[2] reasoning: "The trial court should have considered whether defendant was entitled to relief from judgment under MCR 6.508(D). The trial court also erred by determining that defendant abandoned his claim that the trial court coerced him into pleading guilty." *People v Dewberry*, unpublished order of the Court of Appeals, entered October 28, 2021 (Docket No. 357629).

On remand, the trial court denied defendant's motion for relief from judgment. The trial court concluded: "Defendant has failed to establish good cause for failure to raise the grounds for relief on appeal." The trial court explained defendant's plea, by itself, was not good cause for defendant's failure to raise issues on appeal. Defendant provided no supporting authority, and named no external factors, preventing him from raising issues on appeal. We granted leave to appeal to determine whether defendant demonstrated good cause and actual prejudice to support his claims for relief, and whether defects in proceedings render defendant's no-contest plea to be involuntary, such that it would be manifestly unjust to uphold his convictions. *People v Dewberry*, unpublished order of the Court of Appeals, entered November 14, 2023 (Docket No. 367094).

## II. STANDARD OF REVIEW

"We review a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. A trial court necessarily abuses its discretion when it makes an error of law." *People v Grant*, 329 Mich App 626, 634; 944 NW2d 172 (2019) (quotation marks and citations omitted). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *People v McChester*, 310

---

[2] The order also denied defendant's August 10, 2021 "motion for reconsideration" as moot, reasoning: "Defendant seeks reconsideration of an order dismissing this appeal for failure to cure defects. However, no such order was entered, and thus, there is no order to reconsider." *People v Dewberry*, unpublished order of the Court of Appeals, entered October 28, 2021 (Docket No. 357629).

Mich App 354, 358; 873 NW2d 646 (2015) (quotation marks and citations omitted). "The interpretation of a court rule is a question of law that is reviewed de novo." *Swain*, 288 Mich App at 629.

## III. ANALYSIS

Defendant argues he is not precluded from moving for relief from judgment because he has demonstrated good cause for failing to raise grounds in a prior motion and experienced actual prejudice. We disagree.

"A defendant in a criminal case may move for relief from a judgment of conviction and sentence." *Swain*, 288 Mich App at 629. "[MCR 6.500 *et seq.*] outline[s] the procedure for how a trial court is to consider a motion for relief from judgment, identify the requirements that a defendant must establish to be entitled to relief, and limit the number of motions that a defendant may file." *Swain*, 288 Mich App at 629. "The subchapter is the exclusive means to challenge a conviction in Michigan once a defendant has exhausted the normal appellate process." *People v Watroba*, 193 Mich App 124, 126; 483 NW2d 441 (1992). However, "MCR 6.508 protects unremedied manifest injustice, preserves professional independence, conserves judicial resources, and enhances the finality of judgments." *People v Reed*, 449 Mich 375, 378; 535 NW2d 496 (1995).

Under MCR 6.508(D):

The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion

(1) seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to subchapter 7.200 or subchapter 7.300;

(2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision; for purposes of this provision, a court is not precluded from considering previously decided claims in the context of a new claim for relief, such as in determining whether new evidence would make a different result probable on retrial, or if the previously decided claims, when considered together with the new claim for relief, create a significant possibility of actual innocence;

(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for failure to raise such grounds on appeal or in the prior motion, and

(b) actual prejudice from the alleged irregularities that support the claim for relief. [MCR 6.508(D).]

"In order to be entitled to relief under MCR 6.508(D)(3), both 'good cause' and 'actual prejudice' must be established." *People v Kimble*, 470 Mich 305, 314; 684 NW2d 669 (2004) (footnote omitted). The good cause prong of MCR 6.508(D)(3) may be "established by proving ineffective assistance of appellate counsel . . . or by showing that some external factor prevented counsel from previously raising the issue." *Reed*, 449 Mich at 387 (citation omitted). "[R]egardless of whether a defendant files a prior motion *in propria persona* or with representation, he or she is required to fulfill the good cause requirement in MCR 6.508(D)(3)." *People v Clark*, 274 Mich App 248, 254; 732 NW2d 605 (2007).

Defendant argues the Michigan Rules of Court do not require him to appeal his conviction before moving for relief from judgment. Further, defendant argues he did not have knowledge of claims he could raise on appeal. We find defendant's arguments lack merit.

Defendant's arguments "could have been raised on appeal from the conviction and sentence or in a prior motion;" thus, he was required to show good cause to be entitled to relief under MCR 6.508(D)(3). During defendant's plea hearing, Judge Lillard informed defendant he had the right to request leave to appeal with this Court, and defendant stated he understood the availability of appeal. Defendant provided no authority to suggest his lack of knowledge of potential grounds for relief is sufficient to satisfy the good cause requirement.

The trial court did not err by denying defendant's motion for relief from judgment because defendant failed to demonstrate the requisite good cause required for relief under MCR 6.508(D)(3)(b).[3]

IV. CONCLUSION

The trial court did not err by denying defendant's motion for relief from judgment because he failed to establish good cause for failing to raise issues on appeal or in an earlier motion.

Affirmed.

/s/ Anica Letica
/s/ Kristina Robinson Garrett
/s/ Kathleen A. Feeney

---

[3] Because defendant failed to show good cause, it is unnecessary to reach the issue of actual prejudice. We note, however, defendant's actual prejudice argument does appear to have merit. Actual prejudice is defined, in relevant part, as: "[I]n a conviction entered on a plea of guilty, guilty but mentally ill, or nolo contendere, the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand." MCR 6.508(D)(3)(b)(ii). Defendant likely experienced actual prejudice because Judge Lillard's statements, regarding the imposition of consecutive and upwards departure sentences, were violative of *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993) ("To avoid the potential for coercion, a judge must not state or imply alternative sentencing possibilities on the basis of future procedural choices, such as an exercise of the defendant's right to trial by jury or by the court").