MOWAT *v.* WALSH.

ATTORNEY AND CLIENT—DEATH OF ATTORNEY—NOTICE TO APPOINT ATTORNEY—CONTINUANCE—ABUSE OF DISCRETION.

Where defendant's attorney died after pleadings were filed and cause at issue, and after lapse of three years cause was proceeded with without notice to defendant to appoint another attorney, as required by 3 Comp. Laws 1929, § 13589, it was abuse of judicial discretion to deny defendant's motion, made before case was closed, for continuance in order that he might secure an attorney.

Error to Wayne; Toms (Robert M.), J. Submitted April 23, 1931. (Docket No. 51, Calendar No. 35,111.) Decided June 1, 1931.

Case by William L. Mowat against John H. Walsh and Elmore A. Starkweather for fraud in the exchange of real estate. Judgment for plaintiff against defendant Starkweather. Defendant Starkweather brings error. Reversed, and new trial ordered.

*George Katz* and *Myron Schiffman* (*Clarence E. Gittins*, of counsel), for appellant.

McDONALD, J. On the 29th day of December, 1926, the plaintiff brought this action against the two defendants. Each retained counsel. Ralph A. Aldrich represented defendant Starkweather. After the pleadings were filed and the cause became at issue, Mr. Aldrich died. This was in April, 1929. No further proceedings were had in the case until November, 1929, when the plaintiff filed a motion to advance it for early trial. Notice of the motion was not served on the defendant. The motion to advance was granted and the trial began January 9, 1930, about three years after suit was started. Defendant Starkweather received no notice of the trial. After his attorney died he did not employ other counsel. At about the conclusion of the trial, the other defendant, Walsh, who was present with his attorney, telephoned to Mr. Starkweather that the case was being tried. Starkweather then appeared in court and requested time to procure an attorney. His request was denied, and judgment was entered against him for $5,400. As to the other defendant, who was represented by William Tarsney, the judgment was no cause of action. Mr. Starkweather made a motion for a new trial, which was denied. It is his claim that the denial of this motion was error, for which the judgment should be reversed.

The chief contention of defendant is that, after the death of his attorney, it was incumbent upon the plaintiff before any further proceedings were taken by him to notify the defendant to employ another lawyer. This contention is based on 3 Comp. Laws 1915, § 12068 (3 Comp. Laws 1929, § 13589), and reads as follows:                    •

"When an attorney shall die, be removed or suspended, or cease to act as such, the person for whom he was acting shall be notified to appoint another attorney at least thirty days before any proceedings shall be had against such person, in the matter wherein such attorney was acting for him."

If this statute is mandatory, as it seems to be, the court was without authority to proceed with the trial until it had been complied with by the plaintiff. But regardless of the statute, it was in the discretion of the trial judge to continue the case in order that defendant might have time to secure an attorney. A very substantial judgment was rendered against him. He was not permitted to present his defense, which he says was meritorious. The case was not closed when he appeared in court, gave a reasonable excuse for his apparent neglect, and requested an opportunity to secure counsel. In the circumstances, the denial of his request was an abuse of judicial discretion for which the judgment is reversed, and a new trial granted, with costs to the defendant.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.