UNITED STATES of America,
Plaintiff-Appellee,

v.

Gray MOORE, Jr., Defendant-Appellant.

No. 82–1509

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 24, 1983.

Pam Bohl (court-appointed), Dallas, Tex., for defendant-appellant.

Janis H. Kockritz, Atty., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

This appeal requires a determination of when a defendant's repeated rejection of attorneys appointed by the court constitutes an effective waiver of the assistance of counsel in a criminal case. We conclude that the defendant's conduct in this case constituted a waiver, and confirm his convictions for failing to file a tax return for the tax years 1975 and 1976.

We review the convictions of Gray Moore, Jr. for the second time. We reversed his first conviction on the ground that the dis-

trict court inappropriately refused to appoint counsel without making an adequate inquiry into need. At the first trial the court declined to appoint a defense attorney because Moore would not complete CJA Form 23, the "Financial Affidavit in Support of Request for Attorney." Moore claimed that to furnish the financial data required would infringe on his fifth amendment right against self-incrimination. Under the circumstances, we concluded that additional information was necessary before Moore could proceed to trial without the assistance of counsel. *United States v. Moore,* 671 F.2d 139 (5th Cir.1982).

The record on remand is replete with evidence of efforts by the district court to comply with our mandate and to bring Moore to trial consistent with the congressional directives contained in the Speedy Trial Act. The court appointed, seriatim, several attorneys, each of whom Moore rejected, before requiring Moore to proceed *pro se.* Even at that point the court offered to assign counsel to advise and consult with Moore at trial; Moore refused the offer.

After remand, and without a hearing to determine need, the court directed the magistrate to appoint an attorney to represent Moore. Michael S. Knuths was appointed. At the arraignment, Moore refused to enter a plea, complaining that his viewpoint of the pending charges and that of Knuths and his associate, Barbara Luke, were incompatible to the point that they could not communicate. Moore asked that Knuths be relieved and new counsel appointed.

The trial judge explained to Moore that he did not have a right to counsel who agreed with his view of the case, but nonetheless acceded to the request and directed appointment of another attorney. Philip J. Kushner was appointed but was allowed to withdraw the same day. David C. Lair was then appointed.

Four days before trial, Moore filed a *pro se* motion seeking dismissal of his third appointed counsel because Lair, having once worked for the Internal Revenue Service, had a "police state mentality." Moore further maintained that Lair was not competent to try a criminal case. The court first refused to grant the motion, voicing concern about the constraints of the Speedy Trial Act. On reconsideration, after determining that a continuance to allow new counsel an adequate opportunity to prepare could be granted without breaching the Speedy Trial Act, the court relieved Lair and appointed John O. Langdon. In doing so, the court advised Moore in clarion notes: "It is highly likely that failure of Mr. Moore to cooperate with Mr. Langdon in preparation of his case will be construed by this court as a waiver of his right to counsel."

Four days before trial, Moore filed "Defendant's Second Verified Motion to Dismiss or, in the Alternative, Motion for Effective Counsel," contending that Langdon was not competent to handle his defense, because, *inter alia,* Langdon was a former district attorney and had a "prosecutorial attitude." On the day of trial the court rejected the motion to dismiss and refused to appoint another attorney. Moore insisted that Langdon and his partner, Eldridge E. Goins, be relieved, refusing to accept them as counsel. The court excused counsel after first securing their agreement to stand by and advise Moore during the trial. Moore rejected their assistance.

In the course of considering Moore's motion for dismissal of Langdon and Goins and for appointment of new counsel, the court carefully examined counsel's qualifications and their preparation for trial.[1] The court noted that Langdon had an L.L.M. in taxation from New York University Law School, had been practicing for nine years, had worked as a prosecutor in charge of the misdemeanor docket, had been in civil practice for seven years and had done trial work. Goins, who was assisting Langdon, had represented indigents in federal court on several occasions. The court, aware of

---

1. Parenthetically, we note that Moore was being re-tried and the government announced that it would use the same witnesses and same

exhibits as in the first trial. A copy of the transcript and the exhibits filed in the earlier trial had been furnished to defense counsel.

the pre-trial preparation, having reviewed the pleadings Langdon had filed, including the suggested voir dire questions and jury charges, observed that Langdon had "done an excellent job in representing [Moore] to date," and the work and attitude of Langdon and Goins was "a true credit to the legal profession." After reviewing the record we are quick to concur in this assessment.

 We are convinced beyond peradventure that the district court went beyond any reasonable requirement for appointment of counsel. A defendant is entitled to counsel capable of rendering competent, meaningful assistance in the preparation and trial of the pending charges, including appropriate evaluation and advice with reference to a plea of guilty. A defendant is not entitled to an attorney who agrees with the defendant's personal view of the prevailing law or the equities of the prosecutor's case. A defendant is entitled to an attorney who will consider the defendant's views and seek to accommodate all reasonable requests with respect to trial preparation and trial tactics. A defendant is entitled to appointment of an attorney with whom he can communicate reasonably, but has no right to an attorney who will docilely do as he is told. Every defendant is entitled to the assistance of counsel dedicated to the proposition, and capable of assuring that, the prosecution's case shall be presented in conformity with the Constitution, rules of evidence and all other controlling rules and practices. No defendant has a right to more.

 Although this is a case of first impression in our circuit, we gain some insight from the discussion in *United States v. Brown*, 591 F.2d 307 (5th Cir.), *cert. denied*, 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979). Therein a tax protestor claimed he was unable to obtain retained counsel in whom he had confidence and asked to be represented by one other than an attorney. The trial court refused the request and appointed standby counsel. We found that Brown's "persistence in refusing to accept any counsel except that of his own choosing

and his insistence on proceeding *pro se* can only be construed as a knowing and intelligent waiver of counsel." *Id.* at 310. We find further support in the opinions of our colleagues of the Seventh and Second Circuits. *Wilks v. Israel*, 627 F.2d 32 (7th Cir.1980), *cert. denied*, 449 U.S. 1086, 101 S.Ct. 874, 66 L.Ed.2d 811 (1981); *McKee v. Harris*, 649 F.2d 927 (2d Cir.1981), *cert. denied*, 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982).

In brief, Moore refers to a statement by the trial court which indicates that the court knew Moore was not waiving his right to counsel. This misperceives the record. Viewed in the context of the entire dialogue, the trial court was noting its awareness that Moore was not waiving his demand for dismissal of his current attorney and appointment of another. That demand is precisely the issue herein presented: may a defendant repeatedly demand that his appointed counsel be relieved and that new counsel be appointed and, if the request is denied, contend that his sixth amendment right to counsel, echoed in Rule 44 of the Federal Rules of Criminal Procedure, has been violated? We answer that inquiry in the negative.

We conclude that a persistent, unreasonable demand for dismissal of counsel and appointment of new counsel, as herein discussed, is the functional equivalent of a knowing and voluntary waiver of counsel. In such an instance the trial court may proceed to trial with the defendant representing himself. When that occurs, the preferred practice directs the trial court to offer the assistance of standby counsel, as was done in the case at bar. We find no error; to the contrary, we are in full agreement with the trial court's disposition.

The judgment of the district court is in all respects AFFIRMED.